IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JELD-WEN, INC., | ) | |
| | ) | Civ. No. 07-3008-PA |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| GRENZEBACH AKI CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.:**

Plaintiff Jeld-Wen Corp. brings this action for breach of contract, breach of warranty, rescission, negligent misrepresentation, fraud, and declaratory relief against defendant Grenzebach AKI Corp.

Defendant moves to abate and compel arbitration. I grant defendant's motion to compel arbitration and dismiss this action without prejudice.

1 - OPINION AND ORDER

## BACKGROUND

In late 2002, plaintiff began negotiating with defendant to purchase an automated conveyer for plaintiff's Klamath Falls manufacturing plant. In May 2003, defendant sent plaintiff a comprehensive twenty-page Equipment Proposal (Proposal), which specified the conveyer defendant would build; the installation and operation of the conveyer; the price, including options for purchasing additional equipment; and payment terms. The Proposal had a clause entitled Acceptance and Execution, which provided in part,

> Seller's acceptance of Buyer's order is expressly conditioned on Buyer's assent to the terms and conditions contained herein and the provisions of any purchase order or other writing inconsistent herewith shall not constitute a part of this agreement of sale. If any of the terms and conditions hereof are not acceptable to Buyer, Seller must be notified promptly. This writing is intended by the parties to be a final expression of their agreement and is intended also as a complete and exclusive statement of the terms and conditions thereof as though signed by both parties named herein.

The Proposal also included an arbitration clause:

> Except as specifically provided herein, any dispute, controversy or claim arising out of or in relation to or in connection with this agreement or in the operations carried out under this agreement, including without limitation any dispute as to the construction, validity, interpretation, enforceability or breach of this agreement, shall be exclusively and finally settled by arbitration, and any party may submit such a dispute, controversy or claim to arbitration. Unless otherwise expressly provided in this agreement or agreed in writing by the parties to the arbitration proceeding, the arbitration proceedings shall be held in Dallas, Texas, in accordance with the Arbitration

2 - OPINION AND ORDER

    Rules of the American Arbitration Association, as
    amended from time to time.

Plaintiff responded to defendant's Proposal with a purchase order dated May 19, 2003, seeking to purchase the conveyer for $212,000, "As per Proposal #02400A1."  On May 30, 2003, plaintiff sent defendant an amended purchase order, which added optional equipment that increased the purchase price to $255,000. Plaintiff's May 30 purchase order stated, "As per Proposal #02400A1," and requested, "Please invoice us."  The purchase order was a one-page document containing a brief description of the items to be purchased, the payment schedule, which mirrored the Proposal's payment schedule, and little else.

The parties dispute what occurred after defendant shipped the conveyer to plaintiff's Klamath Falls plant.  Suffice it to say that plaintiff was not satisfied with the conveyer's performance or with defendant's attempts to cure the alleged problems.  After almost two years, plaintiff revoked its acceptance of the conveyer, requested that defendant remove it immediately, and demanded that defendant return of the down payment of more than $60,000.  Plaintiff also sought reimbursement for alleged consequential damages.

In September 2006, defendant served a demand for arbitration on the American Arbitration Association.  Plaintiff objected to the demand for arbitration, asserting that the parties had not agreed to arbitrate the dispute.

3 - OPINION AND ORDER

In January 2007, plaintiff filed this action against defendant in Klamath County Circuit Court. Plaintiff brings claims for breach of contract, breach of express warranty, breach of implied warranty of fitness, rescission, negligent misrepresentation, and fraud. In February 2007, defendant removed the action to this court based on diversity jurisdiction.

## STANDARDS

Under Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the FAA, the court is limited to determining (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue." Sanford v. Memberworks, Inc., ___ F.3d ___, 2007 WL 1112676, at *5 (9th Cir. April 16, 2007).

"In determining the validity of an agreement to arbitrate, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). "[G]eneral contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements." Id. The decision whether to refer a dispute to arbitration is a question of law. Dean

4 - OPINION AND ORDER

Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 213 (1985).

## DISCUSSION

I look to Oregon law[1] in interpreting the parties' agreement. Oregon law favors arbitration clauses. See Molodyh v. Truck Ins. Exchange, 77 Or. App. 619, 625, 714 P.2d 257, 260 (1986), aff'd, 304 Or. 290, 744 P.2d 992 (1987).

### I. The Terms of the Proposal Are Part of the Parties' Agreement

Under Oregon contract law, the court first determines whether a disputed contract term is ambiguous. If the court concludes that the contract term is clear, the court's analysis is complete. See Fogg v. Wart, Civ. No. 06-160-ST, 2006 WL 3716745, at *5-6 (D. Or. Dec. 14, 2006 (applying Oregon law); Yogman v. Parrot, 305 Or. 358, 361, 937 P.2d 1019, 1021 (1997).

Here, I conclude that the phrase, "As per Proposal #02400A1," is clear, showing plaintiff's intent to incorporate the terms of the Proposal by reference. "'When a written instrument refers in specific terms to another writing as containing part of the agreement, the other writing is itself a part of the contract between the parties.'" Snow Mountain Pine Ltd. v. Tecton Laminates Corp., 126 Or. App. 523, 528-29, 869 P.2d 369, 372 (1994) (quoting Weber v. Anspach, 256 Or. 479, 483, 473 P.2d 1011, 1013 (1970)).

---

[1] The parties agree that Oregon law applies, although they do not necessarily agree on why it applies.

5 - OPINION AND ORDER

Under similar circumstances, a district court concluded that a buyer's use of the phrase in its purchase order, "per your quote," showed the buyer's intent to incorporate the terms of the seller's price quotation.  See Rich Prods. Corp. v. Kemutec, Inc., 66 F. Supp. 2d 937, 956 (E.D. Wis. 1999), aff'd, 241 F.3d 915 (7th Cir. 2001).  In Rich, the district court noted that although courts generally view a seller's price quotation as an invitation to the buyer to make an offer, rather than an offer itself, "If the price quotation is sufficiently detailed, such that all a buyer need say is 'I accept' to create an enforceable contract, the quotation constitutes the offer."  Id. (citing Falcon Tankers, Inc. v. Litton Sys., Inc., 355 A.2d 898, 904 (Del. Super. 1976)).  Here, as in Rich, the price quotation was the result of extensive negotiations between the parties, and was not merely a form quotation sent to solicit an offer to purchase. Defendant's Proposal provided that its terms would govern the parties' agreement and that plaintiff should notify defendant immediately if it objected to any of the terms.  Plaintiff did not object to these terms of the Proposal.

Plaintiff contends that it referred to the Proposal in its purchase order "merely . . . to identify the Equipment" ordered. However, there was no need to refer to the Proposal to identify the equipment because the purchase order itself described the equipment.  I agree with defendant that the purchase order's use

of the phrase, "As per" the Proposal, shows that plaintiff intended to incorporate the terms of the Proposal into the parties' agreement.

Because I conclude that the disputed contract phrase is not ambiguous, I need not examine extrinsic evidence.

## II. The Arbitration Clause Covers Plaintiff's Claims

The next issue is whether the arbitration clause covers plaintiff's claims. Here, the arbitration clause provides that "any dispute, controversy or claim arising out of or in relation to or in connection with this agreement or in the operations carried out under this agreement, including without limitation any dispute as to the construction, validity, interpretation, enforceability or breach of this agreement, shall be exclusively and finally settled by arbitration." The arbitration clause is broad enough to encompass all the claims in plaintiff's complaint.

Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed . . . ." 9 U.S.C. § 4. Here, because all of plaintiff's claims are subject to arbitration, I dismiss this action without prejudice. See Sanford, 2007 WL 1112676, at *4.

7 - OPINION AND ORDER

## CONCLUSION

Defendant's motion to abate and compel arbitration (#3) is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this __16__ day of May, 2007.

                    OWEN M. PANNER
                    United States District Judge